# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2021

Lyle W. Cayce
Clerk

No. 20-60553
Summary Calendar

Mingjian Wu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208-900-651

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Mingjian Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing his appeal of an Immigration Judge's ("IJ") denial of asylum. Wu asserts that there is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

substantial evidence that, if removed, he would suffer persecution on account of his religious beliefs.

We review the final decision of the BIA and only consider the IJ's decision when it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review questions of law *de novo* and factual findings for substantial evidence. *Id.* at 594; *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial-evidence standard, we will not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537. Whether an applicant is eligible for asylum is a factual finding which we review for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005).

To be eligible for asylum, an alien must show that he or she is unable or unwilling to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b)(1). The instant record does not compel the conclusion that the harm Wu endured was severe enough to amount to past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 112, 117 (5th Cir. 2006); *Majd v. Gonzales*, 446 F.3d 590, 596–97 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004); *see also Gu v. Gonzales*, 454 F.3d 1014, 1017–21 (9th Cir. 2006) (concluding that the BIA properly denied the petitioner's claim of past persecution even though the petitioner had been arrested, detained, and beaten at a police station on account of his religious practices).

The BIA did not err in denying Wu's application for asylum. His petition for review is DENIED.